# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FREDDIE CRUZ, | CV 07-00527-PHX-DGC [CRP] |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| IVIAN BARTOUS, *Warden*, ARIZONA ATTORNEY GENERAL, | |
| Respondents. | |

Freddie Cruz, presently an inmate in the Arizona State Prison Complex in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (hereafter "Petition"). (Doc 1). Two grounds are asserted: a *Blakely* violation for not having a jury determine aggravating factors and a due process violation for not severing into separate trials the two incidents that went to a jury trial. The State opposes the Petition. (Doc 11).

The Court finds that a least one aggravating factor was determined by the jury at trial and therefore the *Blakely* claim fails. This Court also finds that Cruz did not present the severance argument as a federal claim to the state courts, and he is now barred from doing so. Therefore, the Court recommends that District Judge Campbell enter an order denying relief on the Petition.

I. **BACKGROUND**

   A. **STATEMENT OF FACTS**

The case Cruz seeks relief from arose from two violent car jackings and sexual assaults in the Phoenix Metropolitan area on May 13, 2002, and June 8, 2002.[1] In both cases, Cruz forced the female victim at gunpoint to drive him to a remote location where he repeatedly raped each woman. In each case, a child or children were present. In addition to the violent and depraved sexual assaults in the presence of the children, Cruz threatened to shoot the children in the head. A detailed description of the facts of these two incidents appears in the State's Answer and the Arizona Court of Appeals Memorandum Decision (Doc 11; Doc 11-6, Exhibit N p 94[2]).

Cruz was ultimately charged in a 21 count indictment. Only Counts 1-5 and 8-15 are relevant to the determination of the Petition. Counts 1-5 involved the June 8, 2002 incident and included:

>    Count One - Aggravated Assault
>    Count Two - Kidnapping
>    Count Three - Sexual Assault
>    Count Four - Sexual Assault
>    Count Five - Armed Robbery

(Doc 11-1, Exhibit A, pp 14-22). Counts 8-15 involved the May 13, 2002 incident and charged Cruz with:

>    Count Eight - Aggravated Assault
>    Count Nine - Armed Robbery
>    Count Ten - Kidnapping
>    Count Eleven - Sexual Assault
>    Count Twelve - Sexual Assault
>    Count Thirteen - Second Degree Burglary
>    Count Fourteen - Kidnapping
>    Count Fifteen - Endangering of the Victim's Baby Daughter

---

[1] Cruz was actually charged in the indictment with several counts related to an armed home invasion and robbery on May 15, 2002, and assaulting an officer trying to arrest him on June 8, 2002. These counts were severed from the thirteen counts involving the car jackings and sexual assaults, and ultimately resulted in a plea bargain. (Doc 11-1, Exhibit A, p 14). Cruz did not appeal in state court anything other than Counts 1-5 and 8-15.

[2] In this Report and Recommendation the page numbers are cited as they appear on the Court's CM/ECF electronic records system.

*Id*.

Cruz moved to sever the twenty-one (21) counts into three separate trials. The trial court granted the motion in part by separating the counts related to the armed home invasion and assault on an officer but he denied the motion for the counts involving the two separate car jackings and sexual assaults. He determined these counts (1-5 and 8-15) were properly joined. (Doc 11-2, Exhibit B, Minute Entries ("M.E.") p 41).

The State presented Counts 1-5 and 8-15 in a jury trial and Cruz was convicted on all 13 counts.[3] (Doc 11-2, Exhibit B, M.E. pp 61-65). In Counts One and Six, charging Cruz with aggravated assault, the indictment specifically alleged the assault was committed with a "silver BB handgun, a deadly weapon or dangerous instrument." (Doc 11-1, Exhibit A, pp 14-22; Doc 11-2, Exhibit A, pp 7, 9). In twelve of the thirteen couunts, the indictment asserted that each offense was a dangerous felony because the offense involved the use of the silver BB handgun "and/or the intentional or knowing infliction of serious physical injury upon" the victim. *Id*. The jury unanimously found that each of those twelve counts was a dangerous felony. (Doc 11-1, Exhibit A, pp 160-172). Subsequently, in the course of entering a plea agreement to resolve the remaining nine counts in the indictment, the Government agreed to dismiss the designation of the offense as a dangerous felony in all thirteen counts. (Doc 11-2, Exhibit A, pp 2-3). This does not negate the fact that a jury did determine dangerousness on all counts based on the use of the BB gun.

At sentencing, the judge imposed presumptive terms as to all except five counts. (Doc 11-2, Exhibit B, pp 73-78). Aggravated terms of 22 years each were imposed on each of the four sexual assault charges. *Id*. By statute, the sentences for the sexual assault charges had to run consecutive to each other. That is how the cumulative 88 year sentence was determined.

---

[3] The counts were amended for trial so that the thirteen counts involving the car jackings and sexual assaults were consecutively numbered Counts 1-13. After trial, the State of Arizona filed an Amended Indictment to conform with the re-numbering. Counts 1-5 pertained to the June 8, 2002 incident and Counts 6-13 pertained to the May 13, 2002 incident. (Doc 11-2, Exhibit A, pp 4, 6-14).

1   An aggravated term of twenty years was imposed on Count Twelve, kidnapping, which involved restraining the victim with wires from her headphones after she was assaulted. *Id.* In determining that an aggravated sentence should be imposed, the Court noted:

> The aggravated factor in that case was the purely gratuitous nature of that offense. The defendant had driven her back and then re-victimized her.

(Doc 11-5, Exhibit J p 80, ll. 8-10). The sentence in Count Twelve runs concurrent with Counts 6, 7, 8, 9, 11, and 13. Because Count Twelve runs concurrent with the 22 year term imposed in Count 9, it will not impact defendant's length of confinement.

Regarding aggravated and mitigating factors, the Court said generally as follows:

> The fact he was on parole status at the time of the offense, the emotional trauma to the victims, the cruelty and depravity of coercing compliance for sex by threatening the lives of the victims' children and child who were present in the zone of immediate physical danger...[also] [w]hether the gun was operational or not, the victims believed that they were operational, and they were compliant to save themselves and to save their children. ...During the acts themselves, the cruelty and heinous nature of reasonably forcing the victims to drive with the defendant and their child and children to a remote location, not knowing whether they or their children would be harmed physically or ever returned. That said, the Court does note and acknowledged that in each instance, the defendant did drive the victims back to civilization and no physical harm was done to any of the children. The Court also notes the defendant's age and his family background.

(Doc 11-5, Exhibit J p 77). As to Count Three, sexual assault, the court specifically said:

> The aggravated factor being the defendant taking the victim and her children to a remote location, requiring compliance by threatening the lives of the child — in Ms. Romero's case, the children.

(Doc 11-5, Exhibit J p 78, ll. 6-9). As to Counts 4, 9, and 10, the court stated the aggravated sentence was "for the same aggravated factors, balancing the mitigating factors previously found." (Doc 11-5, Exhibit J p 78-79).

**B.   STATEMENT OF CASE**

Cruz filed a timely notice of appeal. On direct appeal, Cruz raised one issue: that the failure to grant the motion to sever was error. (Doc 11-2, Exhibit A p 27; Doc 11-5, Exhibit

1  K p 91). On June 29, 2004, in a memorandum decision, the Arizona Court of Appeals
2  affirmed the conviction. (Doc 11-6, Exhibit N pp 94-122). The appellate court ruled that the
3  evidence of each of the two incidents was cross-admissible against the other under Arizona
4  Rule of Evidence 404(b) because Cruz challenged identity for one incident and argued it was
5  a consensual sexual encounter in the other. *Id*.

6  On July 13, 2004, Cruz moved for reconsideration relying on the recent Supreme
7  Court decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). (Doc 11-7,
8  Exhibit O). On November 4, 2004, the Arizona Court of Appeals granted the motion for
9  reconsideration in part, vacating the five aggravated prison terms and remanding to the trial
10 court for resentencing. (Doc 11-7, Exhibit R p 45). After unsuccessfully filing a motion for
11 reconsideration with the state court of appeals, the State filed a Petition For Review to the
12 Arizona Supreme Court of the order vacating the sentence in counts 3, 4, 9, 10, and 12. (Doc
13 11-8, Exhibit U). Cruz cross-appealed asserting error for upholding the denial of the motion
14 to sever. (Doc 11-9, Exhibit W p 14).

15 On September 28, 2005, the Arizona Supreme Court granted the State's Petition For
16 Review and denied Cruz's cross-petition. (Doc 11-9, Exhibit Y p 110). Specifically, the
17 Arizona Supreme Court remanded the case to the Arizona Court of Appeals for
18 reconsideration in light of the intervening decisions, *State v. Martinez*, 210 Ariz. 578, 115
19 P.3d 618 (2005), and *State v. Henderson*, 210 Ariz. 561, 115 P.3d 601 (2005).

20 On January 5, 2006, the Arizona Court of Appeals, in another memorandum decision,
21 affirmed the aggravated sentenced in Counts 3, 4, 9, 10, and 12. (Doc 11-9, Exhibit Z p 113).
22 The appellate court affirmed the trial court because it relied on the use of a gun as an
23 aggravating factor. The appellate court held that the jury necessarily found that Cruz
24 threatened to use a gun during the offenses because the jury convicted Cruz of two counts
25 of armed robbery, which requires a perpetrator to be armed; the jury convicted Cruz of
26 aggravated assault against both victims, with the "aggravated" aspect of the assaults based
27 on the allegation that Cruz had a gun and threatened to use it; and the jury found the offenses
28 charged in Counts 1 through 10 plus 12 and 13 to be "dangerous" based on the State's

argument that Cruz pointed a gun at the victims and threatened to use it. (Doc 11-9, Exhibit Z pp 118-119).

On February 27, 2006, Cruz acting *pro se*, filed a petition for review with the Arizona Supreme Court. (Doc 11-10, Exhibit AA). On August 8, 2006, the Arizona Supreme Court denied review. (Doc 11-11, Exhibit CC). On September 11, 2006, the Arizona Court of Appeals issued its mandate. (Doc 11-11, Exhibit DD p 4).

Cruz timely filed the instant Petition on March 12, 2007. (Doc 1).

### C.  SUMMARY OF THE ARGUMENTS

In Ground I, Cruz complains that the trial judge used aggravating factors not determined by the jury to enhance his sentence. The State argues that at least one aggravating factor was found by the jury or admitted by defendant, thus the court could consider all aggravating factors to support an aggravated sentence. The State argues that Arizona case law on this point, *State v. Martinez*, 210 Ariz. 578, 115 P.3d 618 (2005), is not an unreasonable application of federal constitutional law.

In Ground II, Petitioner asserts his "6th amendment due process rights were violated." (Doc 1, p 6). Specifically, Cruz argues that it was a violation of due process to not sever Counts 1-5 and Counts 6-13 into two separate trials. The State argues this claim was not exhausted before the state courts as a federal claim and is now procedurally barred from being raised in the state court. Therefore, the State argues, this claim must be dismissed without being considered on the merits.

## II.  ANALYSIS

### A.  GROUND I - THE *BLAKELY* VIOLATION

The trial court imposed aggravated sentences on five counts, counts 3, 4, 9, 10, and 12. In particular, the aggravated sentences on counts 3, 4, 9, and 10 account for his cumulative 88 year sentence. On those four counts, the trial court found the following aggravating factors: the defendant taking the victims and their children to remote locations and requiring compliance by threatening the lives of the children. (Doc 11-5, Exhibit J p 78, ll. 6-9). Prior to sentencing on specific counts, the trial court generally stated that the

1 following were aggravating factors: Cruz was on parole status at the time of the offense; the
2 victims were emotionally traumatized; the cruelty and depravity of coercing compliance for
3 sex by threatening the lives of the victims' children who were present in the zone of
4 immediate physical danger; the victims' belief that Cruz's gun was operational and that their
5 compliance was required to save themselves and to save their children; and the cruelty and
6 heinous nature of reasonably forcing the victims to drive with the defendant and their
7 children to a remote location, not knowing whether they or their children would be harmed
8 physically or ever returned. (Doc 11-5, Exhibit J p 77).

9 The State argues that the Arizona Supreme Court decision to remand the case in light of the *State v. Martinez,* supra., was not an unreasonable application of the Supreme Court decisions in *Blakely* and *Apprendi*. Specifically, the *Martinez* decision holds that once a jury finds beyond a reasonable doubt or a defendant admits, any fact, other than a prior conviction, that establishes the range in which a judge can sentence a defendant, additional facts relevant to the judge's discretion within the statutory sentencing range only need to be determined by the judge under a preponderance of the evidence standard. 115 P.3d 618, 625. Thus, "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *Id*.

19 In this case, the Arizona Supreme Court remanded the case to the Arizona Court of Appeals for reconsideration in light of *Martinez*. Thereafter, the Court of Appeals affirmed the five aggravated sentences based on the jury finding of the use of the gun, one of the aggravating factors relied on by the sentencing judge, implicit in the guilty verdicts for aggravated assault and armed robbery.

24 The issue before this Court is whether the Arizona Supreme Court's reliance on its decision in *Martinez* was contrary to clearly establishing constitutional law as interpreted by the U.S. Supreme Court. Secondarily, was the Arizona Court of Appeals decision on remand an unreasonable determination of the facts at issue.

28 Respondent's answer reviews the first of these two issues at extraordinary length.

(Doc 11, pp 40-56). Respondent's analysis is correct. United State Supreme Court precedent has consistently authorized judicial reliance on facts not proven to a jury to determine a sentence within a sentencing range supported by a jury determination of at least one aggravating fact.

A state habeas petition shall not be granted, unless the adjudication of the claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the U.S. Supreme Court:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523 (2000).

At issue are the four aggravated sentences of 22 years for sexual assault, instead of the presumptive sentence of 10 years. In *Blakely v. Washington*, 542 U.S. 296, 303 124 S.Ct. 2531, 2537 (2004), the Court reiterated from *Apprendi* that the statutory maximum sentence is the one a judge may impose based solely on the facts reflected in the jury verdict or admitted by defendant.

> In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely*, 542 U.S. at 303-304, 124 S.Ct. At 2537 (emphasis is original).

In considering Cruz's *Blakely* argument, the state court of appeals was directed by the Arizona Supreme Court to rely on *State v. Martinez*, 210 Ariz 578, 115 P.3d 618 (2005). In *Martinez*, the Arizona Supreme Court held that:

> . . . a jury finding of a single aggravating factor establishes the facts legally essential to expose the defendant to the maximum sentence prescribed in section 13-702.

115 P.3d at 624.

In *Martinez*, the sentencing judge determined that eight aggravating factors were shown by a preponderance of the evidence. *Martinez*, 115 P.3d at 619. One of those factors was the "severe injuries and death of the victim." *Id.* The Arizona Supreme Court found that the jury's verdict of guilt on the first degree murder charge was an implicit jury determination of the aggravated factor, "severe injuries and death of the victim." *Martinez*, 115 P.3d at 620.

After the jury determined one aggravating factor, the judge's consideration of the other seven factors was permissible. The state court stated that the United States Supreme Court has:

> repeatedly distinguished between those facts that are legally essential to increase the punishment for a crime and must therefore be found by a jury, and those facts that a sentencing judge may in his or her discretion, consider in sentencing a defendant within the range prescribed by statute and authorized by the jury's verdict.

*Martinez,* 115 P.3d at 621.

Was the *Martinez* holding contrary to established Supreme Court jurisprudence? While the *Blakely* opinion is somewhat obtuse on this point, other Supreme Court authorities show that at a minimum, *Martinez* is not contrary to or an unreasonable application of the Court's decisions. In *United States v. Harris*, the Court stated that:

> Judicial fact finding in the course of selecting a sentence <u>within the authorized range</u> does not implicate the indictment, jury-trial, and reasonable components of the Fifth and Sixth Amendments.

*United States v. Harris*, 536 U.S. 545, 558, 122 S.Ct. 2406, 2415 (2002) (emphasis added).

*In Booker*, the court stated:

> "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."

*United States v. Booker*, 543 U.S. 220, 223, 125 S.Ct. 738, 750 (2005). Finally, in *Cunningham v. California*, the U.S. Supreme Court referenced favorably in a footnote

1 Arizona's determinate sentencing scheme, as an example of a scheme that provides for the
2 jury "to find any fact necessary to the imposition of an elevated sentence." *Cunningham v.*
3 *California*, 549 U.S. 270, 294 n. 17, 127 S.Ct. 856, 871, n.17 (2007). The Court in
4 *Cunningham* stated:

> Other states have chosen to permit judges genuinely to exercise broad discretion within a statutory range, which "everyone agrees" encounters no Sixth Amendment shoal.

*Id*.

Petitioner cannot establish that the *Martinez* holding relied upon by the state court of appeals was contrary to or an unreasonable application of United States Supreme Court authority. He therefore fails to establish the substantive predicate to obtaining relief established by 28 U.S.C. § 2254(d)(1).

The second predicate, separated by the disjunctive "or," is that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). The decision in issue is the Arizona Court of Appeals, Division One, Memorandum Decision filed January 5, 2006. (Doc 11-9, Exhibit Z). There the court correctly noted that the trial judge relied on, among other aggravating facts, Cruz's use of a gun to coerce compliance in connection with the offenses. The appellate court concluded that use of a gun was inherent in the jury's convictions on two counts of armed robbery and two counts of aggravated assault. Moreover, the jury also found all thirteen offenses to be "dangerous." Because the indictment in charging those crimes and the allegation of dangerousness specifically alleged the use of a "silver BB handgun," the appellate court correctly determined that there had been a jury determination of at least one aggravating factor. The appellate court went on to note that Cruz, when subsequently pleading guilty pursuant to a plea agreement to charges severed from the initial trial, admitted to two prior felony convictions, which would also support the aggravated sentences.

At the time of the offenses in issue, one of the statutory aggravating circumstances was:

> Use, threatened use or possession of a deadly weapon or

> dangerous instrument during the commission of the crime, except if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-704.

A.R.S. § 13-701(D)(2). In this case, the relevant aggravated sentences were for sexual assault. Use of the "silver BB handgun" is not an essential element of those offenses. Therefore, use of the deadly weapon is an appropriate consideration to enhance the sentences for sexual assault.

Substantial testimony about Cruz's use of the gun in both sexual assaults was presented to the jury. (May 13, 2002 Assault: Doc 11-3, Exhibit E pp 165-169; June 8, 2002 Assault: Doc 11-3, Exhibit E, pp 249-252). The jury necessarily found the aggravating circumstance of Cruz's use of the gun because it returned guilty verdicts for the armed robbery and aggravated assault charges as well as determined that all the charges, except the burglary, were dangerous in nature. (Indictment at Doc 11-1, Exhibit A, pp 14-22; Guilty Verdicts at (Doc 11-1, Exhibit A, pp 160-172). Argument was presented and the court determined how to instruct the jury on the term "deadly weapon." (Doc 11-4, Exhibit G p 293; Doc 11-5, Exhibit H p 10). Clearly the jury determined the obvious, that the threatened use of a deadly weapon was involved in these crimes. Just as clearly, the sentencing judge relied on that determination in sentencing Cruz. Cruz cannot show an unreasonable application of the facts in the appellate court's determination that at least one aggravating factor was determined by the jury.[4]

As Cruz has failed on both prongs of the standard for granting relief in 28 U.S.C. § 2254(d), Ground One must be dismissed.

### B. GROUND II - FAILING TO GRANT MOTION TO SEVER

Cruz repeatedly moved to sever the charges related to the May 13, 2002, incident to be tried separately from the charges related to the June 8, 2002, incident. Cruz argues that

---

[4] The court also notes that the prior felony convictions which could aggravate the sentence, former ARS § 13-702(c)(ii), are *Blakely* exempt factors. Therefore, Cruz cannot show prejudice regardless of the Court's determination concerning the jury determination of the use of a deadly weapon.

the failure to separate these events into two separate trials violated his due process rights. The State argues this claim was never raised in state court as a federal claim, and therefore is unexhausted, procedurally barred and subject to dismissal. The State is correct.

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available state-court remedies. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). A state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). In Arizona, it is sufficient for a state prisoner to fairly present his claims to the Arizona Court of Appeals; he does not have to appeal those claims to the Arizona Supreme Court. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999). Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (internal citations omitted).

A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident." *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir.1999). A petitioner may also cite state cases that explicitly analyze the same federal constitutional claim. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996) (internal citations omitted).

Cruz's direct appeal raised only one argument, that failing to grant the motion to sever counts was an abuse of discretion and that inadequate findings were made to allow cross-admission of the sexual offense evidence under rule 404(b) and (c). (Doc 11-5, Exhibit K p 91). There is only one federal citation in the Table of Citation, while 21 Arizona cases were cited, and numerous Arizona statutes and rules of procedure. The federal citation, *McKinney v. Rees*, 993 F.2d 1378, 1384 (9th Cir. 1993) was concerning the evidentiary

ruling related to the admission of prior bad act evidence. (Doc 11-5, Exhibit K p 128). It did not concern a federal due process argument. There was no citation to federal authority in the Reply Brief. (Doc 11-5, Exhibit M p).

Because Cruz did not raise his argument that failing to grant the motion to sever was an abuse of judicial discretion as a federal claim, Ground II is unexhausted. If a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available. *See Harris v. Reed,* 489 U.S. 255, 263 n. 9 (1989). When a petitioner fails to exhaust his claims in state court but cannot now return to state court because the state procedural rules bar Petitioner's claims, the claims are procedurally defaulted. *Franklin v. Johnson,* 290 F.3d 1223, 1231 (9th Cir.2002). In Arizona, determining whether a petitioner's unexhausted claims are procedurally defaulted involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure. Rule 32 governs post-conviction relief proceedings and outlines the circumstances under which a state prisoner may seek relief. Ariz.R.Crim.P. 32.1. Under Rule 32.2, relief is barred on any claim which could have been raised in a direct appeal under Rule 31or a prior Rule 32 petition for post-conviction relief, with the exception of certain claims not applicable here. Ariz.R.Crim.P. 32.2. (For exceptions *see* Ariz.R.Crim.P. 32.1(d)-(h): State prisoners may seek relief in successive PCR Appeals for: claims of incarceration beyond sentence expiration, newly-discovered material facts, failure to timely file for relief not prisoner's fault, significant change in the law retroactively applicable, or actual innocence).

In the instant case, Cruz has no further state remedy on his due process claim. He did not exhaust that claim as federal constitutional claim at the state court level because he did not fairly present those claims to the state courts. Under Arizona law, Petitioner is now procedurally barred from bringing those federal claims to the state court. Therefore, the claim is procedurally barred.

If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.

1 *See Gray*, 518 U.S. at 162. Here, Cruz fails to show cause or prejudice for the default or a fundamental miscarriage of justice. *Teague v. Lane*, 489 U.S. 288, 298 (9th Cir.1989). When a petitioner's claims are procedurally barred and the petitioner has not shown cause or prejudice for the default, "the district court dismisses the petition because the petitioner has no further recourse in state court." *Franklin,* 290 F.3d at 1231 (internal citations omitted). Ground II must be dismissed.

**III. CONCLUSION**

Based on the foregoing, it is the report and recommendation of this Court that District Judge Campbell, after his independent review and consideration, enter an order dismissing the Petition with prejudice.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 07-00527-PHX-DGC.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 25th day of March, 2010.

*[signature]*

**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE